261 F.2d 340
 The FULLER BRUSH COMPANY and Boston Manufacturers Mutual Insurance Company, Appellants,
v.
NORTHERN STATES POWER COMPANY, Appellee.
The GRINNELL COMPANY, Inc., Appellant,
v.
The FULLER BRUSH COMPANY, Boston Manufacturers Mutual Insurance Company, Northern States Power Company, and Charles Harris Plumbing Company, Appellees.
CHARLES HARRIS PLUMBING COMPANY, Appellant,
v.
FULLER BRUSH COMPANY and Boston Manufacturers Mutual Insurance Company, Appellees.
 Nos. 16037-16039.
 United States Court of Appeals Eighth Circuit.
 December 15, 1958.
 
 S. Robins, Harding A. Orren, and Robins, Davis & Lyons, Minneapolis, Minn., for Fuller Brush Co. and Boston Manufacturers Mutual Ins. Co.
 Rolland L. Thorson, Carroll, Thorson, Anderson & Cronan, Minneapolis, Minn., and Firestone & Firestone, St. Paul, Minn., for Charles Harris Plumbing Co.
 Maugridge S. Robb and Robb, Robb & Van Eps., Minneapolis, Minn., for The Grinnell Co., Inc.
 Before GARDNER, Chief Judge, and SANBORN, Circuit Judge.
 PER CURIAM.
 
 
 1
 These are appeals from a judgment entered February 14, 1958, upon the verdict of a jury in a negligence action in which The Fuller Brush Company and Boston Manufacturers Mutual Insurance Company were plaintiffs, and The Grinnell Company, Inc. (Grinnell), Charles Harris Plumbing Company (Harris), and the Northern States Power Company (Northern States) were defendants. The judgment determined that Northern States was not liable to the plaintiffs, but that the other defendants were liable to them in a large amount. No. 16038 is the appeal of Grinnell. No. 16039 is the appeal of Harris. No. 16037 is the appeal of the plaintiffs from so much of the judgment as exonerated the defendant Northern States from liability.
 
 
 2
 The plaintiffs (appellants in No. 16037) on November 17, 1958, filed a motion for an order extending the time for filing record on appeal and brief until thirty days after the final determination of appeals Nos. 16038 and 16039, upon the ground that if the judgment against Grinnell and Harris should be affirmed, the plaintiffs will not desire further to prosecute their appeal against Northern States, but wish to preserve their right to prosecute it in the event the judgment against Grinnell and Harris in appeals Nos. 16038 and 16039 should be reversed.
 
 
 3
 An order granting the motion of the plaintiffs in appeal No. 16037 was entered by the Clerk of this Court on November 25, 1958, under Rule 4(d), no opposition to the motion having been filed within the time prescribed by Rule 18(b). It now appears from a motion and response of Grinnell and Harris, filed December 5, 1958, that the failure to oppose the motion of the plaintiffs for a severance of the appeals was inadvertent and excusable. They ask that the order entered by the Clerk on November 25, 1958, be set aside. The request is granted.
 
 
 4
 We have before us, then, for disposition the motion of the plaintiffs (appellants in No. 16037) for a severance of that appeal from the other appeals, and the postponement of its submission until after their final determination. We also have the response of Grinnell and Harris, appellants in Nos. 16038 and 16039, objecting to the motion of the plaintiffs.
 
 
 5
 While the granting of the motion of the plaintiffs (appellants in No. 16037) might save them time and expense, and would perhaps to some extent lighten the labors of this Court in the hearing and determination of these appeals, it seems apparent that, since they have a common origin, arise out of a single trial, and are taken from a single judgment disposing of all issues, they should be consolidated for hearing at the same time by the same division of this Court, and should not be separated for hearing or final determination.
 
 
 6
 The motion of the plaintiffs (appellants in No. 16037) is therefore denied. The appeals will be consolidated for hearing, and argued at the same time.